UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MURTHY MUTHUSWAMY | CIVIL ACTION |
| VERSUS | NO. 19-112 |
| MICHAEL EMMETT LIBERTO ET AL. | SECTION "J" (2) |

## ORDER AND REASONS ON MOTIONS; QUALIFIED IMMUNITY SCHEDULING ORDER

Plaintiff Murthy Muthuswamy brought this action pursuant to 42 U.S.C. § 1983 and Louisiana state law, alleging that defendants Stephen Culotta, in his official capacity as Covington Police Chief; Officers Michael Emmett Liberto, Laura E. Aucoin and Alexander Carruth; and the City of Covington violated his federal and state constitutional rights by use of excessive force in effectuating plaintiff's arrest. Record Doc. No. 1. Defendant Liberto's Motion to Limit Discovery to the Issue of His Qualified Immunity, Record Doc. No. 7, is before me. Plaintiff filed a timely opposition memorandum. Record Doc. No. 11. Defendant Liberto was permitted to reply. Record Doc. Nos. 16, 19, 20. Defendants Aucoin, Carruth, Culotta and City of Covington's similar Motion to Limit Discovery to the Issue of Their Qualified Immunity is also before me. Record Doc. No. 9. Plaintiff filed a timely opposition memorandum. Record Doc. No. 11.

On May 28, 2019, together with the presiding district judge's case manager, I participated in a scheduling conference. The instant motions were discussed during that conference.

Qualified immunity doctrine

> offers a shield against civil liability for government employees "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." . . . . "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken."

Wernecke v. Garcia, 591 F.3d 386, 392–93 (5th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012) (citing Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986). In the instant motions, defendants seek to limit discovery in this matter strictly to the issue of their qualified immunity. Importantly, defendants assert in their answers to plaintiff's complaint that they are entitled to qualified immunity for the actions alleged in support of plaintiff's excessive force claims. Record Doc. Nos. 5 at pp. 2–3, 6 at p. 3.

"Generally, a plaintiff may not obtain discovery against a party asserting qualified immunity until the Court first finds that the pleadings assert facts sufficient to overcome the qualified immunity defense." Nelms v. City of Waxahachie, 2008 WL 11425663, at *1 (N.D. Tex. Mar. 17, 2008) (citing Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 (5th Cir. 1995)). To establish a Fourth Amendment excessive force claim, a plaintiff must demonstrate the following: " '(1) injury, (2) which resulted directly and only

from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.' " Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009) (quoting Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005)). Whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of each particular case." Graham v. Connor, 490 U.S. 386, 396, (1989); see also Brosseau v. Haugen, 543 U.S. 194, 201 (2004) (observing that this "area is one in which the result depends very much on the facts of each case"). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. Denial of a qualified immunity defense for an excessive force claim is warranted if "a reasonable officer would have known that the degree of force was unconstitutionally excessive under the circumstances." Deville, 567 F.3d at 169.

Defendants assert that they are entitled to qualified immunity against plaintiff's excessive force claims because the amount of force used against plaintiff was reasonably necessary to effectuate his arrest based on his resistance to arrest and refusal to obey officer orders. Record Doc. Nos. 5 at pp. 2–3; 6 at p. 3. Plaintiff's complaint alleges the specific physical actions taken by defendants, but does not allege how those specific actions were unreasonable and excessive under the particular facts of this case, such that a qualified immunity defense is unwarranted. "When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail." Schultea v. Wood, 47 F.3d

1427, 1433 (5th Cir. 1995); Fed. R. Civ. P. 7(a). Such a reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." Id. Furthermore, the Fifth Circuit has established that

> [t]he district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1434 (emphasis added).

Applying the foregoing standards, IT IS ORDERED that defendants' motions are GRANTED. The following SCHEDULING ORDER concerning qualified immunity is established:

No later than **JUNE 11, 2019**, plaintiff must file a Rule 7(a) reply, specifically tailored to defendants' assertion of qualified immunity and allegations in support of this defense. The reply must fully assert and specify all facts alleged by plaintiff concerning his own conduct and the conduct of the officers during the incident in question as to the alleged unreasonableness of the officers' use of force in these circumstances, including whether plaintiff was charged with and/or convicted of any criminal offenses and the current status of such charges and/or convictions.

Additional factual development appears necessary before defendants can file and plaintiff can respond to any motion to dismiss or for summary judgment based on defendants' qualified immunity defense. Accordingly,

IT IS FURTHER ORDERED that discovery is limited at this time to the issue of defendants' qualified immunity, pending further order of the court.

All written discovery requests concerning qualified immunity must be served no later than **JULY 3, 2019**.

All discovery concerning qualified immunity, including depositions, must be completed no later than **OCTOBER 31, 2019**.

Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for plaintiff concerning qualified immunity must be obtained and delivered to counsel for defendants as soon as possible, but in no event later than **JULY 3, 2019.**

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for defendants concerning qualified immunity must be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **JULY 14, 2019**.

IT IS FURTHER ORDERED that no later than **NOVEMBER 19, 2019**, defendants must file any motions to dismiss or for summary judgment as to their qualified immunity defense, noticed for submission before the presiding District Judge on **DECEMBER 18,**

**2019**. Plaintiff must file his written opposition to any such motions no later than **DECEMBER 6, 2019**.

        New Orleans, Louisiana, this \_\_\_28th\_\_\_ day of May, 2019.

                                    JOSEPH C. WILKINSON, JR.
                              UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**CARL J. BARBIER**